# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN B. BARRON, <br> GDC ID 868953, <br>     Plaintiff, <br><br> v. <br><br> OFFICER SIMPSON, et al., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 <br><br><br> CIVIL ACTION NO. <br> 1:15-CV-2454-RWS-CMS |
| STEPHEN B. BARRON, <br> GDC ID 868953, <br>     Plaintiff, <br><br> v. <br><br> OFFICER PORTER, <br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 <br><br><br> CIVIL ACTION NO. <br> 1:15-CV-2916-RWS-CMS |

## **NON-FINAL REPORT AND RECOMMENDATION**

Stephen B. Barron is a Georgia state prisoner. *See* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last viewed January 13, 2016; searched for GDC ID 868953) (reporting incarceration in state prison from 2003-04, 2005-06, 2007-2010, and 2015 to present). Mr. Barron has filed two civil rights complaints pursuant to 42 U.S.C. § 1983 in the cases listed in the caption to challenge the conditions of his pre-trial confinement in the DeKalb County Jail in 2014 and 2015.

Because these cases involve "common questions of law or fact," Fed. R. Civ. P. 42, the undersigned **RECOMMENDS** that they be **CONSOLIDATED**, that the Complaint in the -2916 Case be docketed as a Supplement to the Complaint in the -2454 Case, and that the -2916 Case be **ADMINISTRATIVELY CLOSED**.

The undersigned has already granted Mr. Barron permission to proceed *in forma pauperis* in the -2454 Case. *See* (-2454 Doc. 3).

In light of Mr. Barron's transfer from the DeKalb County Jail to Coastal State Prison, *see* (-2916 Doc. 3), the undersigned **DIRECTS** the Warden of Coastal State Prison, or his designee, to collect the $350 filing fee in "monthly payments of 20 percent of the preceding month's income credited to" Mr. Barron's account and to "forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee[]" is paid in full. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Non-Final Report and Recommendation to the Warden of Coastal State Prison, with a cover letter directing the Warden's attention to the preceding paragraph.

Because Mr. Barron is a prisoner, his § 1983 Complaint, as supplemented, is subject to screening, and it is subject to dismissal to the extent that it is frivolous, malicious, or fails to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915A. To state a claim under 42 U.S.C. § 1983, Mr. Barron "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

The undersigned has construed the well-pleaded facts in Mr. Barron's § 1983 Complaint liberally because he is proceeding *pro se*. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, to survive screening, each of Mr. Barron's claims must be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), because "naked assertions devoid of further factual enhancement" and "mere conclusory statements[] do not suffice," *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal quotations marks omitted).

Mr. Barron's § 1983 Complaint, as supplemented, alleges the following four claims with respect to his pre-trial detention in the DeKalb County Jail:

First, Mr. Barron alleges that Officer Simpson applied excessive force on April 1, 2015, when returning him to his cell from the DeKalb County Jail medical unit. *See* (-2454 Doc. 1 at 3-4). In particular, Mr. Barron contends that Officer Simpson ignored pre-existing physical injuries that prevented Mr. Barron from placing his hands behind his back to be handcuffed, ignored the offer of another officer to double-cuff and escort Mr. Barron herself, deliberately lifted Mr. Barron's injured arm and "dragged" him through the medical unit; ignored another officer's statement "Stop! I got him!"; and threw Mr. Barron against the wall. For purposes of § 1915A screening, this adequately states an excessive force claim upon which relief may be granted.

Second, Mr. Barron alleges that on an unspecified date, an unspecified person in the medical unit denied Mr. Barron unspecified medical tests and attention. *See* (-2454 Doc. 1 at 4). This is too vague and non-specific to state a claim upon which relief may be granted for

deliberate indifference to a serious medical need. *See generally Gilmore v. Hodges*, 738 F.3d 266, 273-74 (11th Cir. 2013) (discussing deliberate indifference to a serious medical need claim brought by a pretrial detainee); *see also Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (noting that "[a]s a general matter, fictitious-party pleading is not permitted in federal court").

Third, Mr. Barron alleges that on May 8, 2015, Officer Simpson came to the section of the jail in which Mr. Barron was present "to subdue and return [his roommate] to the[ir] cell" and that in so doing he "looked @ me and smirked." (-2454 Doc. 1 at 4). After Mr. Barron protested that Officer Simpson "was not supposed to be around," Officer Simpson allegedly "grabbed [him], thrusting [him] against the wall . . . further injuring [him] in a retaliation act." (*Id.*)  At this preliminary stage, this also adequately states claims upon which relief may be granted against Officer Simpson.

Fourth, Mr. Barron alleges that on July 22, 2015, he was attacked in his cell by a fellow inmate and that when he sought help from Officer Porter, he was instructed to "lock down" in his cell. (-2916 Doc. 1 at 3-4). Mr. Barron further alleges that after he locked-down, Officer Porter "came

5

by [the] room a total of 4 times looking @ [him] hurt and not assisting period." (*Id.* at 4). Mr. Barron acknowledges, however, that he was treated by the jail nurse later that day, and he further acknowledges that he had been beaten so badly by the same inmate two weeks earlier, on July 8, 2015, that he was taken to Grady Hospital for "x-rays/CT scans." (*Id.* at 4-5). Mr. Barron does not indicate how Officer Porter might have differentiated between Mr. Barron's July 22 injuries and the more serious injuries he suffered on July 8. Mr. Barron further acknowledges that he did not submit a "help letter" with respect to the inmate who had attacked him until July 23, 2015, the day *after* the second attack. (*Id.*). These allegations do not state a plausible claim against Officer Porter, whether for deliberate indifference to a serious medical need or for failure to protect, as there are no well-pleaded facts that would support a reasonable inference that Officer Simpson acted or failed to act with the requisite level of knowledge and intent. *See generally Gilmore v. Hodges*, 738 F.3d 266, 273-74 (11th Cir. 2013) (discussing standard with respect to a deliberate indifference to serious medical need claim); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-

32 (11th Cir. 2013) (discussing standard with respect to a failure to protect claim).

The undersigned therefore **RECOMMENDS** that Mr. Barron **BE PERMITTED TO PROCEED** on his claims against Officer Simpson, but that his claims against unnamed medical unit staff and Officer Porter be **DISMISSED WITHOUT PREJUDICE**.

If this Non-Final Report and Recommendation is adopted, the undersigned will issue an appropriate Order regarding service of process.

**SO RECOMMENDED AND DIRECTED**, this 15th day of January, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE